**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division**

**JOSHUA D. MASSEY and
APRIL D. MASSEY,**

      **Plaintiffs,**

      **v.**                                    **Civil Action No. 3:22-cv-00537**

**AMERIHOME MORTGAGE COMPANY, LLC,
And JOHN DOE HOLDER,**

      **Defendants.**

**<u>NOTICE OF REMOVAL</u>**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmeriHome Mortgage Company, LLC ("AmeriHome" or "Defendant"), by counsel, hereby removes this action from the Circuit Court in the Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division. Removal is proper because this Court has subject matter jurisdiction over the action by way of diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, Defendant removes this action to this Court, and in support of its Notice of Removal states the following:

**Background**

1.        On or about October 20, 2022, Plaintiffs Joshua D. Massey and April D. Massey ("Plaintiffs") filed a complaint (the "Complaint") against AmeriHome and John Doe Holder in the Circuit Court of Putnam County, Civil Action No. CC-40-2022-C-138.

2.        The Complaint involved claims stemming from the alleged actions of AmeriHome.  Specifically that "Defendant represented to Plaintiffs they were eligible for a Trial Payment Plan ("TPP") attendant to a loan modification, and specifically when the trial plan payments were to be paid.  Defendant then refused Plaintiffs' timely trial plan payment in June 2022 and proceeded to foreclose." (Compl. ¶ 1).  A copy of the State Court Docket Sheet and Complaint is attached hereto as **Exhibit A**.  AmeriHome denies these allegations.

3.        Upon information and belief, AmeriHome was served with the Complaint on October 26, 2022 through the West Virginia Secretary of State.

4.        This Notice of Removal is being filed within thirty days of AmeriHome being served a copy of the Complaint.  Accordingly, the action is removable pursuant to 28 U.S.C. § 1446(b)(3).

5.        In the Complaint, Plaintiff asserts various claims related to servicing of the loans. Plaintiff seeks "actual and compensatory damages," "specific performance" "an Order setting aside the foreclosure sale" "punitive damages" and "reasonable attorney's fees and cost of litigation."

6.        Upon information and belief, Plaintiffs may also intend to seek civil penalties for alleged violations of W.Va. Code §§ 46A-5-101(1) and 106, in addition to attorney fees and costs.

2

7.      Defendant AmeriHome denies the allegations in the Complaint, deny that Plaintiffs have stated any claim for which relief may be granted, and deny that Plaintiffs have been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have originally filed the Complaint in this Court under diversity jurisdiction because the proper parties are completely diverse and the amount in controversy well exceeds $75,000.00.  Removal of this entire case is therefore proper under 28 U.S.C. §§ 1332, and 1441.

## Removal Based on Diversity Jurisdiction

8.      Pursuant to 28 U.S.C. §§ 1332, 1348, 1367, 1441, and 1446, and this Court's diversity jurisdiction, removal of Plaintiffs' State Court Civil Action to this Court is appropriate.

### *Diversity Jurisdiction*

9.      This Court has original diversity jurisdiction over Plaintiffs' State Court Civil Action under 28 U.S.C. § 1332.

10.      Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

11.      Here, both the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

12.      Complete diversity exists between Plaintiffs and Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

13.     Plaintiffs' Complaint gives rise to diversity jurisdiction because the citizenship of Plaintiffs and Defendants are completely diverse, and the amount in controversy exceeds $75,000.00.

## A.     Diversity of Citizenship

14.     Plaintiffs are, and at the time of the filing of the Complaint was, a citizen of West Virginia as they are residents of Putnam County, Walkersville, West Virginia.  (*See* Comp. ¶ 2).  Accordingly, for purposes of determining diversity of citizenship, Plaintiffs are citizens of West Virginia.

15.     Defendant AmeriHome is a Delaware limited liability company.   The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., In. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481,483 (5th Cir. 2014).  The sole member of AmeriHome Mortgage, LLC is Aris Mortgage Holding Company, LLC, which is also a Delaware limited liability company.  The sole member of Aris Mortgage Holding Company, LLC is in turn A-A Mortgage Opportunities, LP, a Delaware limited partnership.  A limited partnership is a "citizen of any state in which any of its partners is a citizen." *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 F. App'x 324, 327 n.3 (5th Cir. 2006).  None of A-A Mortgage Opportunities, LP's partners are a citizen of West Virginia.  Therefore, AmeriHome Mortgage, LLC is not a citizen of the State of West Virginia for diversity purposes.

16.     Defendant John Doe Holder is a citizen of the District of Columbia and is a federally chartered corporation. 12 USC § 1717(a). A federally chartered corporation ordinarily has national citizenship because it is incorporated under acts of Congress, rather than under state laws. *Hayward v. Chase Home Fin., LLC*, No. 3:10-CV-2463-G, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011). An exception exists "where Congress has passed legislation specifying that

4

the corporation is a citizen of a particular state for jurisdictional purposes." *Id.* John Doe Holder's charter states "it shall maintain its principal office in the District of Columbia . . . and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 USC § 1717(a)(2)(B).  Therefore, John Doe Holder is not a citizen of the State of West Virginia for diversity purposes.

17.      Accordingly, there is complete diversity between Plaintiffs and Defendants.

**B.      Jurisdictional Amount**

18.      Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

19.      "'[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"  *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).  "In lawsuits 'seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Monton v. America's Servicing Co.*, No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug. 12, 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) ("In suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks"); *Sherman v. Litton Loan Servicing*, 796 F. Supp. 2d 753, 766 (E.D. Va. 2011) (finding amount in controversy met based on "the manifest fact that the value of the Property exceeds $75,000"); *see also Nationstar Mortgage, LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (internal citation omitted) (finding that, although party sought below jurisdictional limit in monetary damages, the amount in controversy exceeded $75,000

where party also sought rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title regarding property with a mortgage that exceeded $107,000); *Walker v. Waller*, 267 F. Supp. 2d 31, 32 (D.D.C. 2003) ("Where a plaintiff seeks declaratory relief, the amount in controversy is the 'value of the object of the litigation.'") (citations omitted).

20.     In the present action, Plaintiffs demand monetary relief in the form of actual damages, punitive damages, and have requested equitable relief in the form of title to the subject property.

21.     Plaintiffs have also given AmeriHome notice that he may seek statutory penalties pursuant to section 46A-5-101 and -106 plus attorneys' fees and interest.  See October 18, 2022 Correspondence attached as **Exhibit B**.  Although Plaintiffs do not set forth a civil penalty amount, the civil penalty is approximately $1,000.00 per violation.  *See* W. Va. Code § 46A-5-101.

22.     Plaintiffs allege actual damages and equitable relief as a result of the foreclosure on the property.   Specifically, Plaintiff's alleged they were damaged because "Defendants sold Plaintiffs' property at a foreclosure sale." (Compl. ¶ 19).  Indeed, the Complaint specifically requests "an Order setting aside the foreclosure sale."   This would result in the return of title of the property referenced in Paragraph 5 of the Complaint to the Plaintiffs.  Pursuant to a Broker's Price Opinion from September 6, 2022, the value of the property referenced in Paragraph 5 of the Complaint is approximately $280,000.00.

23.     Additionally, Plaintiffs request attorneys' fees and costs pursuant to an alleged tortious interference with contract claim.  "Both state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery." *Archbold v. Wells Fargo Bank, N.A.*, No. 3:13-cv-24599, 2015 U.S. Dist. LEXIS 92855, at *11 (S.D. W. Va.

July 13, 2015); *Muhammad v. Nat'l City Mortg., Inc.*, Civil Action No. 2:07-0423, 2008 U.S. Dist. LEXIS 103534, at *20-21 (S.D. W. Va. Dec. 19, 2008); *see also Eriksen Constr. Co. v. Morey*, 923 F. Supp. 878, 881 (S.D. W. Va. 1996) ("The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.") (internal citations omitted); *F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (a one-third attorneys fee is the "going rate" in contingency fee cases).

24.     Therefore, accepting a percentage rate of one-third of an award of at least $280,000.00, it is a reasonable determination that attorneys' fees could be $93,333.33, bringing the amount-in-controversy to $373,333.33.

25.     Finally, Plaintiffs allege punitive damages which is within the sole discretion of the jury.  However, the amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater.  W. Va. Code §55-7-29.  Therefore, the maximum potential punitive damages permissible would be $1,120,000.00 which is four times the amount of compensatory damages of $280,000.00 which represents the approximate value of the property referenced in Paragraph 5 of Plaintiffs' Complaint.

26.     Thus, assuming the allegations in the Complaint are true, which Defendant AmeriHome does solely for the limited purpose of removal, when added together, the potential actual damages, potential statutory penalties, potential punitive damages, and entitlement to attorneys' fees, can reasonably be expected to exceed $1,500,000.00. Accordingly, AmeriHome has more than established that the amount-in-controversy is satisfied pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

### III.    VENUE

27.     Venue is proper in this Court because this district and division encompass the Circuit Court for Putnam County, West Virginia, the forum from which this case has been removed.

### IV.    NOTICE

28.     Concurrent with the filing of this Notice of Removal, Defendant AmeriHome will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court for the Putnam County, West Virginia and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached hereto as **Exhibit C**.

29.     AmeriHome reserves the right to amend their Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

30.     If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

### V.    CONCLUSION

WHEREFORE, Defendant AmeriHome Mortgage Company, LLC ("AmeriHome") hereby removes this action to this Court and seek all other relief as this Court deems equitable and just.

Dated: November 23, 2022                              Respectfully submitted,

                                                  **AMERIHOME MORTGAGE**
                                                  **COMPANY, LLC,**

By:   /s/ Jason E. Manning
Of Counsel

Jason E. Manning (WV Bar No. 11277)
David M. Asbury (WV Bar No. 12952)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7757
Facsimile: (757) 687-7510
E-mail: jason.manning@troutman.com
E-mail: david.asbury@troutman.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November 2022, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System.  I further certify that a true and correct copy of the foregoing was also served via Federal Express to:

**Counsel to Plaintiff**
Bren Pomponio, Esq.
Adam B. Wolff, Esq.
MOUNTAIN STATE JUSTICE, INC.
922 Quarrier Street
Charleston, WV 26505
bren@msjlaw.org

/s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7757
Facsimile: (757) 687-7510
Email: jason.manning@troutman.com